**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUKE KIENSICKI**<br>52 Long Bridge Drive<br>Mount Laurel, NJ 08054 | :<br><br>: | **Civil Action** |
| **v.** | : | **No.** ______________ |
| **UNITED STATES OF AMERICA**<br>200 Chestnut Street<br>Philadelphia, PA 19106<br>**AND**<br>**CITY OF PHILADELPHIA**<br>c/o City of Philadelphia Law Department<br>One Parkway, 14th Floor<br>1515 Arch Street,<br>Philadelphia, PA 19102 | :<br><br>:<br><br>:<br><br>:<br><br>: | |

**COMPLAINT**

**PARTIES**

1. Plaintiff, LUKE KIENSICKI, is an adult individual and a citizen of the state of New Jersey with his domicile being at the above captioned address.

2. Defendant, UNITED STATES OF AMERICA, has a principal address located at 200 Chestnut Street, Philadelphia, Pennsylvania.

3. Defendant, CITY OF PHILADELPHIA, is a city and municipality of the first class of the Commonwealth of Pennsylvania. Said defendant is the proper party defendant for lawsuits against the City of Philadelphia, its agencies and employees. Said defendant is the owner and or occupier of street and or real estate where the accident in this case occurred and or controls and or is responsible for the condition of said street and or real estate.

4. When used herein, unless otherwise set forth, the term Plaintiff shall include all Plaintiffs and the term Defendant shall include all Defendants. The term Defendant shall include all and any agents, servants, employees or workers of the Defendant.

5. Plaintiff reserves the right to amend the complaint to reflect the correct legal identity and/or address of any parties referred to herein.

**JURISDICTION**

6. The claims herein are brought against Defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 2671-2680 and 28 U.S.C. § 1346(b)), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person or corporate entity, would be liable to the Plaintiff in accordance with the laws of the commonwealth of Pennsylvania.

7. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

8. This suit has been timely filed in that Plaintiff timely served notice of their claims on the United States Customs House, 200 Chestnut Street, Philadelphia, PA 19106, on March 28, 2025. See, Plaintiff's Notice letter, **Exhibit 1**. Plaintiff submitted his SF95 on May 5, 2025. See, Plaintiff's SF95 form, **Exhibit 2**. After a review of Plaintiff's claim, a decision was rendered by the United States General Services Administration on July 29, 2025 denying Plaintiff's claim. See, U.S. General Services Administration letter to Plaintiff, **Exhibit 3.**

9. As to Defendant, CITY OF PHILADELPHIA, the jurisdiction of this court is hereby invoked pursuant to United States Code, Title 28, Section 1332, which states that the Federal District Court shall have original jurisdiction over all civil actions wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states; citizens of the state and foreign states or citizens and subjects thereof.

10. This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00. Every issue of law and fact herein is solely between citizens of different

states.

**VENUE**

10. Venue is proper as to Defendant, UNITED STATES OF AMERICA, in that all or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Pennsylvania and occurred on the property located at 200 Chestnut Street, Philadelphia, PA 19106.

11 Venue is proper as to the Defendant, CITY OF PHILADELPHIA, pursuant to United States Code, Title 28, Sec. 1391, which states that a civil action wherein jurisdiction is founded on diversity of citizenship may, except as otherwise provided by law, be brought in the judicial district where the defendant resides or in the case of a corporation or entity is subject to personal jurisdiction.

**FACTS**

10. All relevant facts and occurrences took place on the sidewalk along 2nd Street on the Southwest corner of 2nd Street and Chestnut Street in Philadelphia at the United States Custom House.

13. At all times relevant and material to this Complaint, there was a dangerous, defective condition of the sidewalk of the Defendant's real estate and or property located at the above-described address.

14. At all relevant and material times, Defendants owned, controlled, constructed, maintained, and/or repaired and/or were responsible for maintaining, controlling, constructing and/or repairing said property.

15. The Defendants had actual notice or knowledge of the condition described above, or in the exercise of ordinary care should have had such notice or knowledge, in sufficient time to have taken appropriate and necessary remedial action.

16. Notwithstanding this notice or knowledge, the Defendants negligently failed and

neglected to adequately construct, maintain, control, repair and/or to correct or to take adequate, or any, protective measures to prevent injury to the public and/or foot travelers and/or pedestrians.

17. On or about March 20, 2025, Plaintiff, LUKE KIENSICKI, was walking on the sidewalk at the above-described location when he encountered the dangerous condition. As a result of the dangerous condition, he fell with the result that he suffered at least the injuries, damages and losses as are hereinafter set forth.

18. This accident resulted solely due to the joint and/or several negligence of the Defendants and/or their agents, servants or employees and was in no way due to any act or failure to act on the part of the Plaintiff.

19. The accident, injuries and damages set forth herein were factually caused by and were the direct and proximate result of the joint and/or several negligence of the Defendants through their servants, agents or employees in at least any or all of the following respects:

A. In failing to keep the surface or surfaces in a safe condition for persons lawfully using same;

B. In permitting dangerous conditions to exist on said surface or surfaces, when the Defendants knew or in the exercise of reasonable care should have known the dangers involved;

C. In failing to warn the Plaintiff of the dangerous conditions;

D. In failing to remove, cover, blockade, eliminate and/or repair the dangerous and or defective conditions of which the Defendants knew or in the exercise of reasonable care should have known;

E. In permitting persons, and the Plaintiff, in particular, to traverse the surface or surfaces in question when the Defendants knew or in the exercise of reasonable care should have known that it was dangerous to do so and involved an unreasonable risk of harm to persons so doing;

F. In failing to notify or warn the Plaintiff of the dangerous and or defective conditions so that the hazard involved could be avoided;

G. In maintaining or repairing the surface or surfaces in such a manner as to constitute a

danger to persons lawfully thereon;

H. In failing to inspect the surface or surfaces to discover the dangerous condition or in inspecting so carelessly as not to have discovered the conditions;

I. In failing to make safe the area where the Plaintiff was injured when the Defendants knew or in the exercise of reasonable care should have known it to be in an unsafe condition;

J. In failing to repair or replace the area where Plaintiff was injured when the Defendants knew or in the exercise of reasonable care should have known it to be in an unsafe condition and/or in repairing or replacing same negligently or improperly;

K. In failing to exercise that degree of care and regard for the rights and safety of the Plaintiff as was required under the circumstances;

L. In failing to place signs, blockades, or other instruments of warning or caution in an area where there was a defect in real estate;

M. In creating the dangerous condition;

N. In doing repairs at or near the dangerous condition and yet not reporting and or repairing the dangerous condition.

20. The negligence of the defendants was and is a factual cause of and or the sole and proximate cause of at least the following damages, injuries and/or losses of Plaintiff:

A. Serious injuries, including left foot fracture, and other serious injuries to the neck, back, and/or other parts of the body, dysfunctions, impairments, serious and permanent impairments of body or bodily functions, pain and trauma to various parts of the body and psyche include, trauma, and or other injuries

B. Past Medical Expenses

C. Future Medical Expenses

D. Past Lost Earnings and Lost Earnings Capacity

    E. Future Loss of Earnings and Lost Earning Capacity

F. Past Pain and Suffering

G. Future Pain and Suffering

H. Past Embarrassment and Humiliation

I. Future Embarrassment and Humiliation

J. Past Loss of Ability to Enjoy the Pleasures of Life

K. Future Loss of Ability to Enjoy the Pleasures of Life

L. Disfigurement

M. Emotional Distress

N. Property Damage

O. Incidental Costs.

**COUNT 1**
**PLAINTIFF LUKE KIENSICKI v. DEFENDANT UNITED STATES OF AMERICA**

21. Paragraphs 1 through 20 are incorporated by reference herein.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages as may be permitted pursuant to the applicable federal and state laws, together with interest, costs and attorney's fees.

**COUNT TWO**
**PLAINTIFF LUKE KIENSICKI v. DEFENDANT CITY OF PHILADELPHIA**

22. Paragraphs 1 through 21 are incorporated by reference herein.

**WHEREFORE**, Plaintiff brings this action against Defendant to recover damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and cost.

Respectfully submitted,

***/s/ Richard W. Johnson***

BY: RICHARD W. JOHNSON, ESQUIRE
18 N. State Street
Newtown, PA 18940
(215) 988-9277

Date: 10/28/25

# EXHIBIT "1"

*Law Offices of*
**WILSON & JOHNSON**

***Richard W. Johnson, Esquire***
Member of the PA and NJ Bar

One South Broad Street
Suite 1830
Philadelphia, PA 19107
P: (215) 988-9277
F: (215) 988-1580

rwjohnson@wilsonjohnsonlaw.com
www.wilsonjohnsonlaw.com

May 5, 2025

GSA National Tort Claims Center
Office of General Counsel
2300 Main, Room 4NW419
Kansas City, MO 64108

**Re: Our Client: Luke Kiensicki**
**Date of Accident: 3-20-2025**

Dear Sir/Madam:

Please be advised that this office represents Luke Kiensicki regarding injuries which he sustained as a result of your negligently maintained property. On March 20, 2025, Mr. Kiensicki, a pedestrian, encountered the dangerous, defective condition of your sidewalk and sustained a fractured left foot. The incident occurred at the Southwest corner of 2nd Street and Chestnut Street, Philadelphia (Custom House).

Attached is a Tort Form SF95 properly completed by Mr. Kiensicki, along with his medical records and bills in our file to date, and photographs of the location of this incident. Kindly confirm receipt of this and advise as how to proceed.

Thank you.

Sincerely,

Richard W. Johnson, Esquire

VPW/vvc
Enc. Via Regular and Certified Mail 9589 0710 5270 1450 7944 54

# EXHIBIT "2"

Docusign Envelope ID: E6317329-12B3-4322-A356-6EBDA2EFF913

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit to Appropriate Federal Agency:

GSA National Tort Claims Center
Office of General Counsel
2300 Main, Room 4NW419
Kansas City, MO 64108

2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code.

Luke Kiensicki
52 Long Bridge Drive
Mt Laurel NJ 08054

Richard W. Johnson Esq.
Wilson and Johnson
One South Broad St Ste 1830
Philadelphia PA 19107

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☑ CIVILIAN | [redacted] | Married | 3-20-2025 | 9-9:30 p.m. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant, Luke Kiensicki, was a pedestrian who encountered the defective paving shown in the enclosed photograph and, as a result, sustained a left foot fracture.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Claimant's injuries include left foot fracture. [redacted]

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Colleen Kiensicki | [redacted] Mt Laurel NJ 08054 |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | See attached records and bills to date. | N/A | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| DocuSigned by: RJK | [redacted] | 4/28/2025 \| 5:25 AM PDT |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Docusign Envelope ID: E6317329-12B3-4322-A356-6EBDA2EFF913

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

No. There is no property damage component to this claim.

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No

All medical bills have been submitted to claimant's health insurance.

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

There is no vehicle or property damage component to this claim. All medical bills have been submitted to claimant's health insurance.

19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

No. See above answers.

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.
B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# EXHIBIT "3"



GSA Office of the General Counsel

July 29, 2025

VIA CERTIFIED MAIL – RETURN RECEIPT & VIA EMAIL TO:
RWJOHNSON@WILSONJOHNSONLAW.COM

Richard W. Johnson Esq.
Law Offices of Wilson & Johnson
One South Broad Street, Suite 1830
Philadelphia, PA 19107

Claimant: Luke Kiensicki
Date of Incident: March 20, 2025
GSA Claim Number: LDT-1540-25-R3

Dear Mr. Johnson:

On May 20, 2025, this office received a Standard Form 95 submitted by your firm on behalf of your client, Luke Kiensicki for personal injury damages allegedly sustained due to an incident that occurred near the corner of 2nd Street and Chestnut Street in Philadelphia, Pennsylvania on March 20, 2025. This claim has been reviewed and a determination concerning same has been made. This claim is governed by the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680) and its implementing regulations (28 C.F.R. § 14.1, et seq.), which provide for the payment of claims that arise from the negligent or wrongful acts or omissions of an employee of the federal government while acting within the scope of his or her employment.

A review of Mr. Kiensicki's claim for damages concerning the above-referenced incident has revealed no negligence on the part of the United States Government or any of its employees. Rather, the photographs forwarded by your firm that purportedly show the portion of the sidewalk upon which Mr. Kiensicki tripped is open and obvious and could have been avoided by exercising reasonable care in traversing the sidewalk. Campisi v. Acme Markets, Inc. 915 A.2d 117 (2006). Mr. Kiensicki's claim in the amount of $500,000.00 (Five Hundred Thousand Dollars and Zero Cents) is hereby denied.

This determination constitutes a final decision by the General Services Administration. If Mr. Kiensicki is dissatisfied with this determination, he has the option to initiate an appropriate action in the relevant United States District Court, pursuant to Section 1346(b) of the Federal Tort Claims Act, not later than 6 (six) months after the date of the mailing of this determination. See 28 U.S.C. § 2401(b). Prior to the commencement of such a suit and prior to the expiration of

**U.S. General Services Administration**
Office of the General Counsel
National Tort Claims Center
2300 Main, Room 4NW419
Kansas City, Missouri 64108
(816) 823-5213
tortclaims@gsa.gov

the 6-month period for filing same, he may file a written request with this agency for reconsideration of the final denial of the claim. He may submit additional information with any such request for reconsideration. Upon the timely filing of a request for reconsideration, this agency will have 6 (six) months from the date of filing to make a final disposition concerning the request for reconsideration. The option to file a lawsuit under 28 U.S.C. § 2675(a) shall not accrue until 6 (six) months after the filing of the request for reconsideration.

Sincerely,
Kimberly Thayer
Kimberly I. Thayer, Esq.
National Tort Claims Center
Office of the General Counsel
General Services Administration

**U.S. General Services Administration**
Office of the General Counsel
National Tort Claims Center
2300 Main, Room 4NW419
Kansas City, Missouri 64108
(816) 823-5213
tortclaims@gsa.gov